## HENRY D. OSBORNE *vs.* HAWLEY BRADLEY.

A writ of error will not lie upon a judgment denying a motion to set aside a non-suit.

The statute (Gen. Statutes, tit. 19, ch. 13, sec. 4,) provides that such a judgment may be revised on a motion in error, and such a motion is the sole remedy.

WRIT OF ERROR upon a judgment of the Superior Court denying a motion to set aside a non-suit. The non-suit had been ordered, under Gen. Statutes, p. 443, sec. 3, upon the motion of the defendant, upon the ground that the plaintiff had failed to make out a primâ facie case.

After the record was read the Chief Justice called the attention of the counsel to the provisions of the statute referred to, and stated that it seemed doubtful whether a

motion in error, the remedy provided by the statute, was not the sole remedy, so that the present writ of error would not lie. The matter was argued at considerable length by *H. S. Sanford*, with whom was *W. F. Taylor*, for the plaintiff, who cited numerous English and American authorities; and by *R. Averill* and *S. Tweedy*, with whom was *L. D. Brewster*, for the defendant. The judges reserved the question for consideration and at the opening of court the next day the Chief Justice announced their decision as follows:—

PARK, C. J. We are all of opinion that this writ of error will not lie. The statute was designed for a special purpose, to furnish a special remedy; and we are to construe it without reference to English authorities or those of other states as to the propriety of writs of error in cases of judgment of non-suit. Those authorities have no application. The object of the statute is clear. It was to expedite the business of the court and save time that would be required to try a case which must inevitably in the end be decided for the defendant. Where it is clear upon the plaintiff's own evidence that he has no case it is a mere waste of time to go on, for several days it may be, with a trial of the case to the jury, where their verdict must in the end either be for the defendant or be set aside as against the evidence if in favor of the plaintiff. The statute authorizes the judge, at the close of the plaintiff's evidence, if in his opinion the plaintiff has not made out a case, to render judgment against him as upon a non-suit, giving him a full remedy, in case the judge has erred, by a motion to set aside the non-suit, and on the denial of this motion, a right to carry the case to this court for revision by a motion in error. This motion in error takes the case to the next session of the Supreme Court for the county. If a writ of error may be brought the case may be allowed to lie for three years. The statute never intended this. It intended a speedy revision of the judgment, if the plaintiff should desire one at all. It therefore provides in terms for a revision by a motion in error. It neither in terms nor by implication authorizes a writ of error. The case must be stricken from the docket.